# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **THOMAS H. FUTCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO. 1:16-cv-04164-RWS** |
| **SE REALTY PARTNERS V, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER OF SE REALTY PARTNERS V, LLC

COMES NOW Defendant SE Realty Partners V, LLC ("Defendant") and as its Answer to Plaintiff Thomas H. Futch's ("Plaintiff") Complaint, respectfully shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to allege facts establishing standing to bring this action or legal protection under ADA Title III or otherwise.

### THIRD DEFENSE

The relief Plaintiff seeks is barred because of Plaintiff's unclean hands and/or

28671767 v1

failure to do equity inasmuch as Plaintiff unreasonably failed to take advantage of available means for resolving concerns or otherwise identify precisely what limitations he has and what barriers presented themselves at the time he encountered them.

## FOURTH DEFENSE

Defendant submits that relief sought by Plaintiff's Complaint may constitute an undue burden on Defendant pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii).

## FIFTH DEFENSE

Defendant submits that relief sought by Plaintiff's Complaint is not readily achievable by Defendant, pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

## SIXTH DEFENSE

Defendant submits that relief sought by Plaintiff may fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered.

## SEVENTH DEFENSE

Defendant submits that the goods, services, facilities, privileges, advantages and accommodations may be available through alternative methods.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of Defendant's alleged conduct

and/or any alleged omission by Defendant.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and estoppel.

## TENTH DEFENSE

Plaintiff has failed to join a necessary and indispensable party in this action.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because the subject property is under a lease agreement with a third party which is responsible for any necessary repairs or modifications in accordance with the lease agreement. Defendant has not prevented or refused to allow said third party to modify any parts of the building structure or parking areas associated with the leased property.

## TWELFTH DEFENSE

Defendant alleges that Plaintiff is not entitled to any relief because Defendant did not actually or proximately cause any damages, injury or loss to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims for attorney's fees and/or litigation expenses fail as a matter of law because Plaintiff is not entitled to recover against Defendant.

28671767 v1

## FOURTEENTH DEFENSE

Defendant pleads all defenses available to it under the ADA.

## FIFTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as the same may become known or available as discovery in this matter progresses.

## SIXTEENTH DEFENSE

Defendant hereby responds as follows to the individually numbered paragraphs of Plaintiff's Complaint:

## JURISDICTION

1.

Defendant admits that this Court has original jurisdiction over actions properly brought under 42 U.S.C. § 12181, et seq. Defendant denies the remaining allegations in this paragraph.

## PARTIES

2.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

3.

Defendant is without knowledge or information sufficient to form a belief as to

truth of the allegations in this paragraph, and therefore denies same.

4.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

5.

Admitted.

6.

Defendant admits that it maintains a registered agent in Georgia, CT Corporation System, with a registered office located at 1201 Peachtree Street NE, Suite 1240, Atlanta, GA 30361.  Defendant denies that the zip code is 30303 as alleged in this paragraph.

## FACTUAL ALLEGATIONS

7.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

8.

Defendant admits that it is the owner of real property and improvements located at 48 Northside Drive, S.W., Atlanta, Georgia 30313.  Defendant is not the operator of said premises and denies the remaining allegations in this paragraph.

9.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning whether Plaintiff ever visited the subject property or what transpired, and therefore denies same.  The remaining allegations in this paragraph constitute Plaintiff's opinions and/or legal conclusions to which Defendant is not required to respond, and therefore denies.

11.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

12.

Defendant denies that the subject premises are not "accessible."  Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in this paragraph, and therefore denies same.

13.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

## <u>COUNT I</u>
## <u>VIOLATIONS OF THE ADA AND ADAAG</u>

14.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

15.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

16.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

28671767 v1

17.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

18.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

19.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

20.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of

which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

21.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

22.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

23.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

24.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

28671767 v1

25.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

26.

Denied.

27.

Denied.

28.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.  In addition, many of the allegations constitute legal conclusions to which no response is required.

29.

The allegations in this paragraph constitute Plaintiff's intentions, opinions and/or legal conclusions with respect to this lawsuit to which Defendant is not required to respond, and therefore denies.

30.

The allegations in this paragraph constitute Plaintiff's intentions, opinions and/or legal conclusions with respect to this lawsuit to which Defendant is not required to respond, and therefore denies.

28671767 v1

31.

Denied.

32.

Denied.

33.

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph, and therefore denies same.

34.

The allegations in this paragraph constitute legal conclusions to which Defendant is not required to respond, and therefore denies.  Defendant does not dispute that the ADA was enacted or that certain regulations were issued under that law, the provisions of which speak for themselves.  Defendant further denies any allegations in this paragraph that are inconsistent therewith.

35.

Denied.

36.

Denied.

37.

Denied.

- 11 -

38.

Denied.

39.

Denied.

40.

Defendant denies any allegations contained in the Complaint that are not specifically admitted herein.  Defendant further denies that it is liable to Plaintiff in any amount, and denies that Plaintiff is entitled to any of the relief sought in the Complaint and/or prayer for relief.

WHEREFORE, Defendant respectfully prays for the following relief:

(a)    that Plaintiff's Complaint be dismissed with prejudice;

(b)    that all costs of this action be taxed against Plaintiff; and

(c)    for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 12th day of December, 2016.

/s/ Bret A. Beldt
Bret A. Beldt
Georgia Bar No. 940327
bbeldt@burr.com
*Attorneys for Defendant*
*SE Realty Partners V, LLC*

- 12 -

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

28671767 v1

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **ANSWER OF DEFENDANT SE REALTY PARTNERS V, LLC** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1.


/s/ Bret A. Beldt
Bret A. Beldt
Georgia Bar No. 940327
bbeldt@burr.com


**BURR & FORMAN LLP**
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2016, I electronically filed the foregoing **ANSWER OF DEFENDANT SE REALTY PARTNERS V, LLC** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Craig J. Ehrlich, Esq.
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E., Suite 7-A
Atlanta, Georgia 30306

/s/ Bret A. Beldt
Bret A. Beldt
Georgia Bar No. 940327
bbeldt@burr.com
*Attorney for Defendant SE Realty Partners V, LLC*

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

28671767 v1